UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
In Admiralty

Case No.:

CLEAR SPRING PROPERTY AND
CASUALTY COMPANY and CERTAIN
UNDERWRITERS AT LLOYD'S OF
LONDON SUBSCRIBING TO COVER
NOTE NO. B0507RN2100289,

    Plaintiffs,

v.

VIKING POWER LLC and M&T BANK,

    Defendants.                              /

## COMPLAINT

Plaintiffs, CLEAR SPRING PROPERTY AND CASUALTY COMPANY ("Clear 33317Spring") and CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO COVER NOTE NO. B0507RN2100289 ("Underwriters"), hereby sue the Defendants, VIKING POWER LLC ("Viking") and M&T BANK ("M&T"), and in support thereof state as follows:

### JURISDICTION AND VENUE

1.    This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

2.    Plaintiffs designate this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves disputes regarding a marine insurance contract. Plaintiffs invoke the provisions of Rule 9(h), 38(e), and 82 of the Federal Rules of Civil Procedure.

3. Venue is proper within the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1) because Viking resides in this district and because the insurance policies that are the subject of this action designate disputes thereunder be litigated either: (1) where the insured resides; or (2) where the insured's agent resides. Because Viking resides in Jupiter, Florida, the Southern District of Florida is a contractually agreed upon venue for this suit.

4. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been complied with.

5. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

6. At all times material to this action, Clear Spring is and was a licensed and admitted insurance company in the State of New York and domiciled in Texas.

7. At all times material to this action, Clear Spring was subject to service of process in New York, NY.

8. At all times material to this action, Lloyd's are and were a foreign unincorporated entity with their principal place of business in London, England.

9. At all times material to this action, Viking is and was a limited liability company organized under the laws of the State of Florida.

10. At all times material to this action, M&T is and was a banking corporation organized under the laws of the State of New York with its principal place of business in New York.

11. This Court may exercise personal jurisdiction over M&T because M&T is a loss-payee under the Policy and has acquiesced to its terms insofar as it desires to recover under the Policy. Furthermore, M&T has continuous and systematic business contacts in Florida, operates extensively within Florida through its subsidiary, Wilmington Trust, N.A., and is engaged in substantial and not isolated activity within Florida through its subsidiary, Wilmington Trust, N.A.

## FACTUAL ALLEGATIONS

12. This matter arises out of a fire aboard Viking's 2007 82' Horizon, hull identification no. HRN82073H708, M/Y "MISS DUNIA" (the "Vessel"), on August 30, 2021.

13. The fire burned for several hours, after which the Vessel was a constructive total loss.

14. The fire also allegedly caused damage to the dock, as well as a small landing craft moored nearby.

15. Clear Spring and Underwriters issued a policy to Viking, policy no. CSRYP/202350, with effective dates of May 28, 2021 to May 28, 2022 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit "A."**

16. The Policy provides hull coverage in the amount of $1,925,000, subject to a $38,500 deductible, which is waived in the event of a constructive total loss.

17. The Policy also provides third-party liability coverage of $2,000,000 combined single limit, subject to a $500 deductible. The first $1 million in such coverage is provided by Clear Spring. The second $1 million is provided by Underwriters.

18. The Policy also provides, in relevant part, as follows:

> **9. General Conditions & Warranties**
>
> k. If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained

in good working order. This includes the weighing of tanks once a year, certification/tagging and recharging as necessary.

m. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

t. Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from inception.

r. Unless we agree in writing to the contrary, if we request a survey of the Scheduled Vessel then it is warranted that such survey is in existence prior to the effective date of this insurance and a copy of the same must be received by us within 30 days of the effective date of this agreement. If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder, by skilled workmen using fit and proper materials and that either:

    i.    The surveyor who carried out the survey certifies in writing that all recommendations have been completed to his (the surveyor's) satisfaction prior to any loss and/or claim

    Or,

    ii.    The workmen/repair yard that carried out the said work and/or recommendations certifies in writing that all recommendations have been completed prior to any loss and/or claim. Failure to comply with this warranty will void this agreement from inception.

*   *   *   *   *

19. Following the fire, the Plaintiffs launched an investigation into the cause of the fire.

20. In the course of that investigation, the Plaintiffs learned that the fixed firefighting system on the Vessel had not been recertified or retagged since 2018.

21. M&T has been named in this lawsuit as an intended third-party beneficiary, as they are named as a loss payee under the Policy.

22. M&T's rights under the Policy are otherwise derivative, and M&T's rights under the Policy follow those enjoyed by Viking.

### COUNT I – BREACH OF FIRE SUPPRESSION WARRANTY

23. Plaintiffs reallege and reincorporate the allegations of paragraphs 1-22 as if more fully set forth at length herein.

24. The Policy warrants that "If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order. This includes the weighing of tanks once a year, certification/tagging and recharging as necessary."

25. Pursuant to general condition t., any breach of warranty operates to void the Policy from its inception.

26. Under the law of New York, which governs the Policy in the absence of entrenched federal maritime law, express warranties in marine insurance policies are strictly enforced, and a breach thereof voids coverage irrespective of any causal relation to the loss.

27. By the time of the fire, the Vessel's fire extinguishing equipment had not been weighed since 2018.

28. By the time of the fire, the Vessels' fire extinguishing equipment had not been recertified since 2018.

29. By the time of the fire, the Vessel's fire extinguishing equipment had not been retagged since 2018.

30. By the time of the fire, the Vessel's fire extinguishing equipment had not been recharged since 2018.

31. As a result, the Policy's Fire Suppression Warranty was violated, and pursuant to general condition t., the Policy is void from its inception.

WHEREFORE, the Plaintiffs respectfully requests judgment in their favor that Viking violated the Fire Suppression Warranty of the Policy, such that there is no coverage for the subject loss and the Policy is void from its inception, and that Clear Spring and Underwriters have no duty to defend or indemnify with respect to any third-party claims arising out of the fire. Plaintiffs further request any further relief that the Court deems just and appropriate under the circumstances.

## COUNT II – BREACH OF SURVEY COMPLIANCE WARRANTY

32. Plaintiffs reallege and reincorporate the allegations of paragraphs 1-22 as if more fully set forth at length herein.

33. General Condition r. of the Policy warrants, *inter alia*, that "if we request a survey of the Scheduled Vessel then it is warranted…If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder."

34. Pursuant to general condition t., any breach of warranty operates to void the Policy from its inception.

35. Under the law of New York, which governs the Policy in the absence of entrenched federal maritime law, express warranties in marine insurance policies are strictly enforced, and a breach thereof voids coverage irrespective of any causal relation to the loss.

36. Viking submitted such a survey to the Plaintiffs along with its original insurance application in 2020. A copy of that survey is attached hereto as **Exhibit "B."**

6

37. The survey identified one safety hazard deficiency, defined as "Safety hazards or deficiencies that could potentially create a safety hazard. Should be corrected immediately."

38. The survey also identified three "Tier 1" deficiencies, defined as "Deficiencies that should be corrected in a timely manner to avoid structure, system, or equipment failure."

39. Finally, the survey identified six "Tier 2" deficiencies, defined as "Minor, cosmetic, or insignificant deficiencies that do not require immediate service."

40. In addition, Viking submitted the attached letter of compliance ("LOC") along with its initial insurance application, in which it represented that the only "outstanding recommendation" was that the life rafts (part of the one safety hazard deficiency) would be recertified in August of 2020.

41. Upon information and belief, the LOC was inaccurate, and not all survey recommendations had been complied with by the time of the fire.

42. As a result, the insured breached the Survey Compliance Warranty, and pursuant to general condition t., the Policy is void from its inception.

WHEREFORE, the Plaintiffs respectfully requests judgment in their favor that Viking violated the Policy's Survey Compliance Warranty, such that there is no coverage for the subject loss and the Policy is void from its inception, and that Clear Spring and Underwriters have no duty to defend or indemnify with respect to any third-party claims arising out of the fire. Plaintiffs further request any further relief that the Court deems just and appropriate under the circumstances.

## COUNT III – UBERRIMAE FIDEI

43. Plaintiffs reallege and reincorporate the allegations of paragraphs 1-42 as if more fully set forth at length herein.

44. For hundreds of years, policies of marine insurance have been subject to the well-entrenched doctrine of *uberrimae fidei*, the duty of utmost good faith.

45. This duty requires that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of insurance risk.

46. This duty extends even to material facts that are not specifically inquired into by the insurer.

47. The Policy, as one of marine insurance—and pursuant to the terms of its choice-of-law provision—is governed by the principle of *uberrimae fidei*.

48. At both the time of the original insurance application and the renewal, Viking represented that all of the survey recommendations had been complied with.

49. Upon information and belief, that was not true, and Viking has thus far been unable to provide proof that all such survey recommendations were complied with.

50. Plaintiffs would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had they known any one or any combination of the facts set forth above, or others to be established in the course of discovery.

51. Therefore, Viking breached the duty of *uberrimae fidei*, rendering the Policy void from its inception.

WHEREFORE, the Plaintiffs respectfully request judgment in their favor that Viking violated the doctrine of *uberrimae fidei*, such that there is no coverage for the subject loss, the Policy is void from its inception, and that Clear Spring and Underwriters have no duty to defend or indemnify with respect to any third-party claims arising out of the fire. Plaintiffs further request any further relief that the Court deems just and appropriate under the circumstances.

## COUNT IV – BREACH OF GENERAL CONDITION M.

52. Plaintiffs reallege and reincorporate the allegations of paragraphs 1-42 as if more fully set forth at length herein.

53. General Condition m. of the Policy provides that "This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision."

54. At both the time of the original insurance application and the renewal, Viking represented that all of the survey recommendations had been complied with.

55. Upon information and belief, that was not true, and Viking has thus far been unable to provide proof that all such survey recommendations were complied with.

56. Plaintiffs would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had they known any one or any combination of the facts set forth above, or others to be established in the course of discovery.

57. Therefore, Viking breached general condition m. of the Policy, rendering the Policy void from its inception.

WHEREFORE, Plaintiffs respectfully request judgment in their favor that Viking violated General Condition m. of the Policy, that the Policy is void from its inception, and that consequentially, there is no coverage for the subject loss, and that Clear Spring and Underwriters have no duty to defend or indemnify with respect to any third-party claims arising out of the fire. Plaintiffs further request any further relief that the Court deems just and appropriate under the circumstances.

Dated: November 9, 2021.

                    Respectfully submitted,

                    **DAVANT LAW, P.A.**
                    *Attorneys for Great Lakes*
                    12 Southeast 7th Street, Suite 601
                    Fort Lauderdale, FL 33301
                    Telephone: (954) 414-0400

By:  */s/ Charles S. Davant*
       Charles S. Davant
       Florida Bar No. 15178
       csd@davantlaw.com
       Aaron M. Dmiszewicki
       Florida Bar No. 111455
       amd@davantlaw.com